A. W. HARRIS v. NORTH STAR AMUSEMENT COMPANY. CECIL H. KING v. SAME.[1]

February 15, 1935.

Nos. 30,177, 30,178.

[1]Reported in 259 N. W. 16.

*Samuel P. Halpern* and *Hymen L. Greenberg,* for appellant.
*Meshbesher & Anderson,* for respondents.

JULIUS J. OLSON, JUSTICE.

Two cases involving substantially the same facts were tried together below, resulting in verdicts for plaintiffs. Defendant moved in the alternative for judgment notwithstanding or for a new trial. Being unsuccessful in that regard, it appeals.

Plaintiffs were employed by defendant as motion picture operators at the Bijou Theatre in Minneapolis. They had charge of the projection booth, including the equipment pertaining thereto. A part of that equipment was a measuring machine used in determining the "running time" of the show. This machine was estimated to be of the value of $50. The wages of each plaintiff were $40 per week. On June 30, 1933, defendant's local manager caused to be served upon each plaintiff a notice that his employment would cease Saturday, July 15, 1933. Upon finishing that day's labor, plaintiffs asked for their pay checks. They were told by the manager to return the following Monday and he would have the checks ready for them. After leaving the manager's office he discovered that the measuring machine was missing. On Monday plaintiffs called for their checks. They were informed by the manager that the checks could not be delivered because he held them responsible for the missing machine and that he wanted time to look into the matter. They called again on Tuesday, with the same result, the manager claiming that he had not located the machine. They called again a day or two later. Plaintiff King said his wife was ill and that the money was badly needed. The manager testified that he offered to give King his check but that plaintiff Harris objected unless he too was paid. King denies this. There was a further conversation between plaintiff Harris and the manager toward the latter part of July. It is claimed by the latter that he told Harris he could have his check but that Harris told him

the matter was in the hands of the business representative of the operators' union. On August 3, 1933, the actions were commenced and summons duly served in each case. Each plaintiff demanded $40 as wages plus $85.52, being the statutory penalty for failure to pay the wages promptly when due, pursuant to 1 Mason Minn. St. 1927, § 4127. When the parties rested defendant moved that the jury be instructed to find for each plaintiff in the sum of $40 with interest thereon from July 15, 1933, and objected to the submission of the statutory penalty for the alleged reason that no demand had been made after the ten-day period provided by § 4128 had expired. The matter was submitted to the jury and a verdict in each case returned for the full amount claimed. Thereafter it moved in each case for judgment notwithstanding or, if that be denied, for a new trial.

There can be no question about the amount of wages due each plaintiff in view of defendant's position taken at the close of trial. Necessarily the question for review relates to whether the statutory penalty might properly be considered by the jury in fixing the amount due each plaintiff. Defendant claimed that it was entitled to wait ten days under 1 Mason Minn. St. 1927, § 4128, and that as such no penalty could attach until a new notice had been given by plaintiffs after such time limit. The court took the view, and so instructed the jury, that the time limit mentioned was applicable provided the employer had not done some act which relieved the employe from making such demand. The court said:

"If * * * you believe the testimony of the plaintiffs to the effect that the employer, the defendant, told them that it would not pay wages until this machine was returned, that would relieve them from giving the notice or making the additional demand after the ten-day period."

In view of defendant's position at the time it made its motion for direction of verdict, we believe the trial court was right. Furthermore, in each of its answers, defendant admitted the rendition of the services and acknowledged its indebtedness in the sum claimed as to wages, but by way of counterclaim sought to charge each

plaintiff with responsibility for the loss of the measuring machine to the extent of $25, and prayed that if "judgment be granted to the plaintiff, it be granted in the sum" of $15 "without costs and disbursements." It is therefore clear that the right to offset under the counterclaim was abandoned.

There is no claim made by defendant that the amount allowed by the jury as compensation or penalty for the 15-day waiting period under the statute is erroneous. The only issue was as to when, if at all, the provision in respect of this penalty became operative. If a fact question was involved regarding the same, it has been answered by the jury adversely to defendant's contentions.

What has been said perhaps makes further comment in respect of instructions unnecessary except as to the first request, which reads:

"You are instructed that the plaintiffs were during their employment by the North Star Amusement Company, entrusted with the handling of certain personal property of the defendant, including a certain film measuring machine; that such film measuring machine was found missing on the night of July 15, 1933, the day of the termination of the employment of the plaintiffs, and the defendant was allowed by law 10 secular days after the 15th of July, 1933, or up to and including the 28th day of July, 1933, to audit and adjust the accounts of the plaintiffs, before their wages became due and payable."

The court was clearly right. By offering judgment in the sum of $40 with interest from the date plaintiffs were discharged defendant conceded that its demand in the first place for an accounting or audit was untenable. There was nothing left to account for or to audit. By its own pleading it had made the return of this machine its own cause of action. Having failed in that respect, it stood in the position of any other claimant who has failed to establish his cause of action.

As fact issues alone remained for determination, the verdict is necessarily conclusive, there being evidence amply sufficient to sustain the same.

Affirmed.